All rise. This Honorable Court for the Second District is now open. The Honorable Justice Robert T. McLaren is out. Please proceed, Your Honor. Last case, Your Honor. It's number 210297. The people of the State of Illinois. I'm going to call the meeting. This is LaShawn Satisfield, the Penitent Appellant. Arguing for the appellant is Mr. R. Christopher White. Arguing for the appellee is Mr. Scott Jacobs. Mr. White. Good morning. You may please the Court. I am Chris White, representing the defendant, LaShawn Satisfield. The issue presented is whether the trial court erred when it denied the defendant's motion to dismiss where he had previously filed a speedy trial demand and more than 160 days elapsed from the filing of that demand until his trial. On February 24th of 2010, the defendant filed a speedy trial demand consistent with the rules set forth in the intrastate detainer statute. Specifically, the demand included a statement of a place of present commitment, the term, length, remaining term, charges pending against him. It was addressed to the state's attorney as well as the circuit court clerk. And a copy was sent to the circuit court clerk. All of the pertinent information was present. The only thing that there is a question about is the proof of service lacked a statement that he had sent a copy to the chief officer of the institution in which he was incarcerated, which was Lawrence Correctional Center. There's no evidence in the record that he did not send a copy, but the proof of service does not include evidence that he did send a copy. There's no record that he did not send a copy? Correct. The statute itself doesn't require that the proof of service indicate that he has actually served. If a tree falls in the forest and no one's there, will the sound be heard? Well, I think the issue is – Think about it. Like you said, there's so much of a paradox, wasn't there? I mean, if it wasn't done, why would there be a record of it that would prove whether or not it was or wasn't done? Well, true. Right. But that's – The fact that there is no record that it wasn't done really doesn't prove too much, does it? But that's the basis the state used in order to – The rule doesn't require that it be served in the same manner that it be served to the prosecutor and the court. It just says a copy shall be sent. It doesn't even say when a copy shall be sent. It just says a copy shall be sent to the – essentially the warden. And there's no evidence that that was not done, and for the court then to take the drastic measure of then striking the defendant's demand, not a motion but an actual demand, just simply notifying the court and the prosecutor, the two parties who are – that need to be informed in this case, that he was asking to be tried within 160 days of basic constitutional as well as statutory right, and then to have that demand rather than a motion but an actual demand stricken for the court's assumption really because that's all it amounts to, that a copy had not been received by the warden. Is the – what is the purpose of sending this notice of speedy trial to the chief executive officer? What is the legislative purpose? Do we know? I don't think we know. There may be – there are some situations I know say the U.S. Supreme Court has addressed this where it's done perhaps to avoid the warden from either intentionally or inadvertently moving defendants from one facility to another, thereby preventing them from being written to court because there's a lot of, I know, intrastate as well as interstate moving of the defendants. It may be for that. If that's the case, then it seems that the State's position is even less tenuous here because that is done as a protection to the defendant, and for the defendant not to comply with this, you know, this rule to the extent he didn't. I mean, we still don't know that, but it doesn't seem to prejudice anybody. Speedy trial demands are supposed to be clear and unequivocal. This was a speedy trial demand. What is lacking in the speedy trial demand by not sending it to the chief executive officer, or what makes, then, the demand maybe not clear and unequivocal? Well, I think it is clear and unequivocal. In fact, clear and unequivocal. I think that's the problem we have here is that it's – there's no question here that he's asking for trial within 160 days. No one is contesting that fact. The only thing that's being contested is the fact that the statutory requirement, according to the State anyway, had not been met, and the statutory requirement that had not been met was simply the sending of a copy, and in essence a courtesy copy, really, to the warden of Lawrence. That argument, I hear your argument, but didn't the court instead say strict compliance? I mean, it's a strict compliance provision. If you haven't complied with every provision, it's not an effective demand. Well, I think there's two things to that. One, we don't know that it wasn't complied because you didn't have the Lawrence Correctional Center warden come in and say, I did not receive this. In fact, what you had was the state's attorney come in and say, submit himself to the jurisdiction of the court. The court clearly has jurisdiction over the state's attorney at that time. It has both subject matter and personal jurisdiction over the state at that time. And the state's attorney, rather than proceeding under its obligation, which at that time was to procure the defendant, pursuant to his unequivocal demand that he wants trial, to bring him in for trial. And had he done that, instead of saying, but that guy wasn't served. Well, we don't know whether he was served or not. And for the state to then ignore its obligation when the court had jurisdiction over the state, the statute wouldn't have been complied with. We don't know that the warden of Lawrence Correctional Center did not receive notice of this. All we know is that the defendant did not assert in his proof of service that he had sent a copy. For all we know, when he was in Lawrence Correctional Facility, he took this thing, he put it in the mail, and on the way out, he dropped it on the warden's desk. We don't know. The state just came in and assumed that because it wasn't in the proof of service, that the warden wasn't served, and therefore, his speedy trial demand wasn't valid. Right. The state says that the speedy trial demand and the filing or the notice of the speedy trial demand is the defendant's obligation. It's their burden to prove that it has been accomplished. And I believe their argument is that doing exactly what you have now said shifts some burden to them, and they have no burden in a speedy trial matter other than to get it to trial if a proper demand has been filed within the period of time. So are you saying that they now have a different or an additional responsibility to prove that it hasn't been complied with? I don't think it's an additional responsibility as much as you had said earlier, that really the underlying obligation here that the defendant has, both constitutionally and statutory, and in many other areas of law. For example, if you're being incarcerated in jail as opposed to the DOC, there's no written demand required. There's a presumption that you want to be tried quickly. Here, there is a written demand, and it has to be clear and unequivocal that you want to be tried within 160 days. He did that. What he didn't do, maybe, and we don't even know this for sure, is sent a copy to the chief administrative officer. But he certainly let the state's attorney know. He certainly let the court know. I don't think it shifts that burden because to the extent that it is burden shifting. In fact, it's not burden shifting because it's the state's obligation upon receiving notice of this to procure the defendant. Had the defendant been procured, it wouldn't be an extra step for the state to do. It's just a matter of fact when they bring the defendant from Lawrence Correctional Center, the warden would know. If the state had done what it was supposed to do when it had entered court and said that it was subjecting itself to the jurisdiction of this court, rather than asking that that demand be stricken, for which the state hasn't provided any authority to show that a trial court can even strike the demand. It's not a motion. It's a demand. And he came forth and said, I want to be tried within 160 days. I'm notifying the state's attorney. I'm notifying the clerk, the court. There's no question that those people weren't notified and that that right wasn't asserted. The only question is whether or not the warden knew. And as you had pointed out earlier, we don't even know why that would be or why it's necessary. Mr. White, didn't the Supreme Court say in statute that the knowledge of the state of the defendant's whereabouts does not relieve the defendant of his responsibility to comply strictly with the statute? Well, we don't know that the statute hasn't been complied with. I mean, that's part of the problem here, too, is the statute only requires that a copy will be sent to the chief administrative officer. The state's attorney shall then procure the presence of the defendant for trial. So it's a necessary portion of the prosecutor's – the prosecutor would not have to affirmatively notify the warden of Lawrence Correctional Center. By merely securing his presence as is statutorily required, the warden would then become unnoticed. And that is part of the statutory requirement here. But there's nothing in the statute either that allows for the striking of the defendant's speedy trial demand. There's no remedy to the violation of this statute. There are plenty of statutes out there that don't have a built-in remedy. You don't – just because an element of this was not done – if, in fact, it wasn't done, then we're certainly not conceding that point. But if it hadn't been done, it certainly does not follow then that this defendant's speedy trial demand, long-established constitutional right, was somehow compromised. Was there any attempt to supplement the record with a certified copy of the notice that was provided to the warden? I don't think so, no. Does there need to be a certified copy, or does it just need to be a copy? No, it just needs to be a copy, right. What – if you're going to prove, though, that you did it, wouldn't it make sense that it be – have a more formal – maybe formal form? Oh, sure. I mean, that would always be better. But the – again, the statute doesn't require that. The statute, unlike certain other speedy trial demands, puts forth sort of a greater burden upon what often is pro se defendants and requires that these elements be followed. And all of the elements were, with the possible exception of notifying the person who was, you know, I guess keeping him incarcerated. Now, several times you've said a constitutional and a statutory right. You're really only dealing with the statutory right, correct? Correct. But what I'm trying to demonstrate, though, is there's a strong historical basis for this. I mean, the right to speedy trial is not just some later developed right that was given to us by the General Assembly. It's really a codification of sorts of a constitutional right. And also, when this motion was argued, or this – I don't know if it was an oral motion or a written motion, but when it was actually argued, was the defendant present? Had the defendant been brought to the Lake County Courthouse? He had not. The defendant wasn't present at that time. Is it customary that counsel – his counsel would ask that a writ be issued and then the state would go forward? Or is it the state – you know, how does that happen? I think it would be customary. But again, had the prosecution performed its obligations under the statute, they wouldn't have had that problem because prosecution would have gone, written the defendant back, and tried him within a reasonable period. So I think once that demand is filed, it does become the prosecution's obligation to enforce his speedy trial rights. The defendant certainly isn't in a position at that point, particularly a pro se defendant who's in the DOC. And what's the authority for that proposition, either case or statutory? For which proposition? That's the state's authority. Once the demand is filed, it's now the state's burden to establish the negative. Well, it's the state's burden to demand his file saying he wants to be tried within a statutory 160-day period. The defendant in that position, who's particularly incarcerated in the Department of Corrections, certainly doesn't have any sort of control over the court's scheduling or docketing. I mean, he's not really in a position to – Have you ever filed a lawsuit? Filed a lawsuit? Civil suit? Filed a, you know, prepared summons, have a summons issued, have it returned. If a defendant were to come in and move to dismiss the cause of action and there was no summons on file, he could either probably claim that the lawsuit should be dismissed because there's no summons indicating that service has been affected, or he could do what you suggest, which is he could come in and affirmatively state, despite the fact that there isn't even a summons on file, that he wasn't served. Where would your client be in that situation if you didn't file the summons and if he claimed in an affidavit or certification that he wasn't served or just said, hey, where's the summons showing that I've been served, I haven't been served? Your argument essentially is analogical or parallel to that, and the point is that the state shouldn't have to come in and say, where's the summons, or come in and say, here's an affidavit saying that I haven't been served. You do that after the summons is returned and it says some individual was served at 6 o'clock, and the defendant comes in and says, at 6 o'clock I was in Puerto Rico, I wasn't in DuPage County. So I'm having a problem accepting your argument unless there's some case law or statutory authority that says it's the burden of the respondent to establish that service wasn't affected. There's no question here that the state was served. I think in your civil case situation. I'm not talking about the state, I'm talking about the warden. The warden never came in. I believe in a civil situation that you're talking about or a lawsuit situation, the warden would probably come in with a special appearance and say he wasn't served properly. The co-defendant or the co-plaintiff wouldn't come in and say, hey, I don't think that person was served properly. It's one thing to say I wasn't served properly, it's another thing to come in and say I wasn't served. Or served, but what I'm saying is that both of them were to be served, or arguably both of them should have been. Under the statute, the interpretation of the statute is both of them needed to be served. The state was served. There's no question about that. So the problem that we have is that the state comes in and challenges the service upon a third party, the warden. The state was. The warden is not a third party on an interstate or intrastate demand. When you say he's a third party, the statute requires that he receive notice. He's a third party. It's a little sloppy. He's a third party as far as the state's concerned. He'd be in the position of a co-defendant, a co-plaintiff. He's not the state. He's not the prosecutor. So he came in. The prosecutor came in. Service was properly effectuated upon the prosecutor. He came in and challenged the service essentially on another party, perhaps not a third party, but a party, not him. And the state based upon that, the court based upon that, said, well, yes, because I don't think this person has been served. We don't know whether he has or not because it's not required that he actually be served, just a copy be sent to him or given to him. I'm going to dismiss this. And for that, I don't think there's a statutory authority that the remedy here is that a speedy trial demand be dismissed because it doesn't include within the proof of service notification that it filed or notified or sent a copy to, which is all that's required here, to the warden. I think there's a case called Salvato. Have you read it? Probably. I think it's Salvato where Salvato Supreme Court basically said the state shouldn't be burdened when the statute doesn't place the burden on the state to do things. The statute does place the burden on the state. It doesn't place the burden on the state to disprove that they weren't served, does it? The state was served. This prosecutor was served. And there's no question the prosecutor served. And then once the prosecutor was served. To prove or disprove that the warden wasn't or the custodian of the defendant wasn't served. Right. I don't think that was the state's place. Any other questions? Do you want to discuss your argument regarding 103-5B? That the defendant's failure to appear should be excused because he was in custody somewhere else? Well, just. You can see, you can see that that's, the court trial file was correct in striking that demand? He wasn't, right, he was not present at the time the speedy trial demand was argued. I mean, right, they didn't, he was at the DOC and had not been given proper notice. Are we talking about the first one? Yeah, the first one. Oh, the first one. That's a different one than this one. Right. Any other questions? No. I think your time's up. Okay. Thank you. Good morning, Your Honor. Good morning, Mr. Jacobson. May it please the court, counsel. I think there are a couple of issues here that I'd like to sort out. The fact that there were three demands in this case, that they each have a different fate. But I think with respect to the second demand, the interstate detainer's one, the one that we've devoted most of our time to, there's a serious question of who knew what when and what the impact of that information was. Well, what is the purpose? Since we're going to talk about it, what is the purpose of serving the, and we're using the word serve. Yeah. There's nothing in the statute that says serve. Correct. It says addressed to the state's attorney and the circuit clerk and a copy. So why does the, what's the legislative purpose of the chief executive officer getting a copy? Well, the warden is the custodian of the person. And in this case, the normal way in which we write defendants into a particular county to answer for a particular charge, the defense suggestion is that that should be, that boils down to a one-party process. Whether you serve the state's attorney or the circuit court and they have enough information to write the defendant in. We know that's not the language of the statute. That's a plea to substitute two people for a third person. The function of having the warden serve is, simply put, the warden is the custodian of the person. Now, we in different counties may not know where any given person is at a different time. So let's say, for example, there are two demands filed or two writs. One for, to procure the defendant to testify in a case and another because the defendant has a speedy trial demand. We as state's attorneys in different counties may not know that another county has a writ out for that same defendant at that same time. Well, how does knowing that a copy of a speedy trial demand went to the chief executive officer help you? How does serving, I don't want to use that word. Sure. How does giving a copy to the chief executive officer of this speedy trial demand help you sort out who goes where and what? You're not serving, you don't, you serve the writ on the institution and its chief executive officer, but he could move to or he or she could be replaced in the interim. Sure. I mean, there are any number of hypotheticals. I was just attempting to answer your question as to why we'd give a copy to the chief executive officer or the warden in the first place. I understand why you would, but why are we giving him a copy of a speedy trial demand that he will have absolutely nothing to do with? Because the defendant is not, he is not on his own. I mean, he simply doesn't have that liberty and the warden or the chief executive officer of the institution he's in is his custodian. He could prevent him from coming to court for his full time? Well, I don't think he could, but I've seen cases of a conflict where we have different writs from different counties or an interstate detainer and a writ at the same time. The warden would be the only person, the one person actually in the state of Illinois that would know that there were those conflicting demands placed. I've looked through the legislative history on this particular statute, and it was passed at the same time as the good conduct credit statute was passed. And almost all the legislative debate is about, at that time, indeterminate sentencing, truth in sentencing, and there's very little discussion. There's absolutely nothing that's in this requirement. There's nothing. But I think the requirement is self-explanatory. I think the reason that we serve a copy on the warden is, simply put, the warden is the person in charge of the defendant. Now, like you said, maybe service is not the appropriate word to use. And I think a lot of the confusion or mischief or whatever you want to call it in this case is because the proof of service form and the interstate detainer's request that nearly every inmate fills out, the inmate is supposed to serve three people. There's only two address lines in there. So if he writes to the clerk in the state's attorney's office and he thinks he's done everything he's supposed to with the form that he's been given… Who put together the form? Oh, I have no idea. I have no idea who put together most of these forms, and I think that's where a lot of problems come from. But I don't believe that that's an excuse for the defendant not to comply with the Interstate Detainers Act. The Act is very clear that three people must be served. I mean, merely because the form that we have available in IDOC doesn't provide for service on a third person doesn't mean the defendant should be able to pick one of the three and decide not to serve them. Actually, the interesting thing about the statute is it says the demand shall be addressed to the state's attorney and the clerk and a copy to the administrative officer. It doesn't say that they have to receive it. That's true. It just says it's addressed to. And that's where I think we go to Justice McLaren's point about this being a paradox or, in my mind at least, a fallacy. It would have been enough for the defendant to drop off a copy of this form. It would have been enough when the state filed a motion to strike for the defendant to come to court and say, I did serve a copy on the warden. Here's my affidavit or an affidavit from the warden or from the warden's secretary or any number of possibilities. Was it a written motion, by the way? I'm sorry. Was the motion to strike a written? Yes, it was. I don't know whether that was served on the defendant as he was represented by counsel at the time. But, again, service versus copy being one of the more nebulous issues here. The point is that the defendant's argument essentially boils down to the plea to substitute any two people in the interstate detainer statute for all three of them. And there's a reason why we have those three people listed. Does the statute control the outcome? I believe it does. I think Justice McClaren alluded to, I believe, those people versus Sandoval, which was a case that came out of this district. Justice McClaren dissented on the point that statute does say that the Interstate Detainers Act is to be strictly construed. The Supreme Court reversed this court on that basis. That said, I mean, the things that we're talking about here, as far as I'm concerned, is the defendant has put together an amalgamated demand. He said, you know, my first demand should have counted because when I didn't show up on February 10th, the state should have known that I wasn't fugitive from justice, that I was in custody somewhere. But there's nothing in the record to support that. There's no proof that the state knew anything about where the defendant was on February 10th. And it would be nice if the state's attorney's offices and the Department of Corrections and everybody in this state, for that matter, kept in touch with each other. In the previous argument, somebody was, a juror had raised a complaint that the state had deported somebody to Jamaica. Well, we all know that that's not the case. The state of Illinois doesn't deport people, generally. We're not Arizona. But the fact of the matter is, is that in some sense, the state is the state is the state. So in terms of our braiding obligations, we're required to know what police have in their files. But in terms of where a prisoner is. Stanton's concern is that the state, and they don't talk about the chief executive officer, they talk about the state knows where the defendant is, what the defendant's charge is, what the time frame is, because these are all things that we'll have to know. And then it'd be clear and unequivocal. Correct. Stanton never mentions the chief executive officer, except when it cites the statute itself. It never mentions it. And they say here in Stanton, it was clear that this court did not know where, why, what. Well, I think there are two, a lot of the speedy trial interstate detainer cases break down along the lines of whether or not the defendant made a clear and unambiguous demand. I don't think anybody here is arguing that the defendant's demand was unambiguous. We're arguing that it didn't comply with the statute. It didn't serve, for lack of a better term, he didn't serve a necessary party. Now, Stanton doesn't talk about the requirement for the warden, because in Stanton, the defendant filed a 1035B, or a 1035B trial request, not an interstate detainer's request. I think the case's closest on point would probably be People v. Mullins in the 4th District. And there they say that the defendant's ambiguity with respect to referring to what charges that he was seeking trial on, that might not have been dispositive. But in that case, the 4th District of Mullins said the defendant did serve a copy upon the chief executive of the institution that he was in. I mean, there, there was no service issue. So it's not a question of whether the demand was clear and unambiguous. It's a question of whether or not the statutory requirements were met. Clarity and lack of ambiguity, I'm sure, isn't one of them. But the point is, is that the statute says he must serve three. And when the state made the allegation that the defendant didn't serve, didn't present a copy to the warden, the defendant could have easily rebutted that. He didn't. So the question is, it's not absence of proof is proof of absence. It's the defendant failed to carry the burden that he served an essential party under the statute. To be there to rebut that, should he have been brought to court for that event? I'm not sure. I'm not sure. I do think here's the thing. So on February 24th, he mails his interstate containers request, and he's wrong about the fact that it was a burglary charge. Later on in the record, we learned it was it was a violation of parole from the burglary charge. He was out on it. He spent about a week on the street. Then he got picked up for this DUI. Then he bonded himself out the next day. Then he has this affair with the Department of Corrections. But on February 24th, he mails notice saying, Pam and Lawrence, come get me. He says a little more than that. He does. Like I said, I'm not contesting that his demand was. I think it was clear. I think it was not ambiguous. But what I do think is that it was also insufficient. How does a technical violation? I'm not. I'm not. I'm not. I'm not discounting standing. But how does a technical violation trump a constitutional right? Well, I think in your question, inherent in your question, is the presumption that he has a constitutional right to file, to have an insufficient speedy trial demand or interstate detainer's demand honored. And that is where I think the statute splits off from the Constitution itself. The statute is nothing more than a safeguard for the constitutional protection that we're speaking of. And how does adding a copy to the chief administrative officer safeguard that right? I'm looking for an answer because I can't think of one. How does it safeguard the defendant's right? If two counties are attempting to writ the defendant, the defendant can only be in one place at one time. But we know where he is. But knowing where he is, it's very different from being able to obtain him. I mean, let's say, for example, let's say that we're not talking about LaShawn Satisfield for a second. Let's say that we're talking about a Henry Brisbane, somebody who's a model prisoner at TAMS, who's extremely violent, and there's an inherent danger about bringing him outside of custody in any circumstance. I think it behooves all of us who handle public justice administration to know whether or not, or for at least the custodian of an individual of that caliber, to know where that person is supposed to be at a particular time. I agree with what you're saying, too. It may have been sufficient if the state and the trial court judge decided to issue the writ anyways. But that's not what happened here. The state demanded compliance with the statute, and defendant folded. He said, I can't comply with the statute. It would have been enough for him to do any number of things. He could have said, I just dropped a copy off at the warden's office. That might have been sufficient. But he presented no evidence, no testimony. He didn't call the warden. The question is, did he get a chance to? If he's not there, how did he get a chance to? If he's not there, how did he get a chance to? He had an attorney litigating this on his behalf. So the attorney should have asked for a continuance. I'm a little loathe to say what any particular attorney should have done in this situation, because all I know is what's in the agreed statement of facts. And the agreed statement of facts doesn't tell me very much. As far as I know the defendant wasn't there, that may have been tactical choice. I mean, we've all been in courtroom situations where perhaps a particular defendant may not be his best advocate in a courtroom in terms of behavior. I don't know why the defendant wasn't there. I just know that he wasn't. With respect to the bond forfeiture judgment, and maybe that's where there's a certain amount of unease coming from, maybe that shouldn't have been entered. Maybe, but that was remedied. It was remedied when the defendant comes back into custody, is released from incarceration, comes back into custody. The bond forfeiture judgment is lifted. He files a speedy trial demanded August 3rd. That gets honored by November 8th, which is, I believe, 111 days later, well within the 160-day period. So to the extent that there was any injury suffered here, I think that's to mistake two distinct injuries. Well, we don't have to worry about prejudice because it's not talking about a constitutional violation. As you point out. I mean, the Interstate Detainers Act is very specific. Two is not three. It's that simple. If the defendant is going to argue his diligence, I think it behooves the defendant to show his diligence. He had that opportunity in the trial court. He even had that opportunity post-defense trial when he filed his post-trial motion alleging that he had complied with the speedy trial or with the Interstate Detainers Act. He put on no evidence to support that assertion. So even to the extent that we were going to make all of these hypothetical indulgences that the statute doesn't permit, the defendant had every opportunity to comply with the statute. He deliberately didn't. I don't know why, but for whatever reason, we cannot call that sufficient. When the purpose of the act is to ensure statutory compliance. If there are any further questions from the court. Thank you. Thank you. Mr. White. Very briefly. First of all, there's no evidence whatsoever that the defendant deliberately didn't comply. In fact, there's not evidence that he didn't comply at all. As Justice Hutchinson pointed out, it only needed to be addressed to two of the parties. Let's address what just happened. There was the motion and it wasn't writing. So it wasn't the state's attorney stepped up and made a verbal motion that morning that was considered. So there was notice that there was this motion sent to defense counsel. And after everything was done, there was a post-conviction motion filed or a post-judgment motion filed. And the issue of this service wasn't raised. Why not? Why if the defendant is supposed to somehow copy to and he had at least two opportunities to tell the court that he didn't or he did and he didn't take those opportunities. He may not have known the first case, particularly when he wasn't there. Well, his attorney knew. And his attorney may have been, I mean, that may have been ineffective. I don't know. I don't know why he wouldn't have made that claim. But it seems the underlying problem here, as the state acknowledges, is that, you know, this, the defendant has a constitutional right to a speedy trial. This is a long held right. Granted, this is the statutory right, but the statutory right really is in place to enforce the constitutional right. The proper procedure, I think, here, would have been to allow the defendant to stand on that demand. If the state violated the speedy trial term later, which it may or may not have done had it recognized that as a valid speedy trial demand, then he could have argued it merits a speedy trial demand. By ruling on the state's motion, the court really offered what really amounts to an advisory opinion here. I mean, the state's attorney has an obligation to seek justice and not interfere with the defendant's constitutional as well as statutory right to demand a speedy trial. This wasn't a motion seeking some particular course of action. It was a demand saying, I want to be tried within 160 days. And the state comes in and says, well, I'm not really sure, it doesn't really, it's equivocal. We're all going to admit that, or unequivocal rather, we're all going to admit that we know you want to be tried within 160 days. You've made that demand. But because it looks like here you may or may not have sent a copy to one of the people who may or may not matter, we're going to ignore that. I'm going to go back to this argument you keep making that notice to the warden doesn't matter. The General Assembly said it does matter, and the language of the Illinois Supreme Court in Staten is not that just notice to the state or notice to the court. The court, the language is to treat the informational requirements, informational requirements of Section 3810 as surpluses would be to infringe on the legislative prerogative to set reasonable conditions on an incarcerated defendant's right to receive a trial within 160 days of the demand. It is a condition of the right to a trial within 160 days to comply with the notice requirements, not just notice to the state, notice to the court. Isn't that what Staten stands for? Well, the notice requirement here is that the demand shall be addressed to the state's attorney to the county in which he or she is charged and a copy to the clerk of that court, and a copy to, but we don't, again, we don't know at the time that the state came in with this demand, or use the word demand, when the state came in and moved to have this stricken essentially, it's not in any better position really than the court is to know whether or not the warden actually received a copy here. The proper thing, if you're not going to wait until after his speedy trial term is actually run to determine whether or not there's a violation here at all anyway, would probably be to determine whether or not it actually did comply. If the court, the court probably, maybe not the state's attorney, but the court should perhaps have checked further with the DOC to see whether it had gotten there. It doesn't, merely because it's not included within the proof of service by the defendant does not mean that it wasn't served, a copy was not given. It does mean it wasn't served possibly, but it doesn't show that a copy wasn't given. Is there any? All I can say is it sounds like you're making a Lipitor argument because it's an anti-statute for sure. I'm trying to figure out where that one is going. I think you said what you said several times, and unless there are any further questions, I don't have them. Thank you. This is all. This is on a call for today. Court is adjourned.